## COMMONWEALTH *vs.* WILLIAM HARRISON.

A complaint on *St.* 1855, *c.* 215, § 15, for an unlawful sale of intoxicating liquor is supported by evidence of such a sale on the Lord's day.

Upon the trial in the court of common pleas of a complaint for an unlawful sale of intoxicating liquor, the Commonwealth need not have the complainant present that the defendant may examine him.

The evidence on a complaint for an unlawful sale of intoxicating liquor showed that the defendant lived over his shop; that on the Lord's day, the shop being closed, a person went into the defendant's dwelling and asked for liquor, and the defendant took him down into the shop and gave it to him; and the jury were instructed that delivery in any other place than a dwelling-house was *prima facie* evidence of sale, and, if uncontrolled, sufficient evidence to convict, and that the burden was upon the government to convince them beyond a reasonable doubt of the fact of a sale. *Held,* that the defendant had no ground of exception.

COMPLAINT on *St.* 1855, *c.* 215, § 15, for two unlawful sales of intoxicating liquor to John McGary.

At the trial in the court of common pleas, before *Sanger,* J., there was evidence that the liquor was sold on the Lord's day, and the defendant requested the court to instruct the jury that the offence, if any, having been committed on the Lord's day, the defendant could not be convicted on this complaint. But the court declined so to rule.

After the evidence for the Commonwealth was in, the defendant claimed the right of examining the complainant upon a material question, and contended that it was the duty of the Commonwealth to have him present in court. But the court ruled otherwise, and that the defendant, if he desired to examine him, should have summoned him like any other witness; and proposed to grant a delay for that purpose, if desired; but no delay was asked for.

It appeared that the defendant kept a grocery, over which he resided with his family; that the day on which the sales were alleged to have been made was Sunday, and the windows and ordinary entrances from the outside were closed, and the only access was through the defendant's dwelling; that McGary called at the defendant's dwelling and asked for rum, and the defendant and he went down into the shop and thence into a

cellar, where the defendant drew liquor from a barrel, and gave it to McGary, who told the defendant to " chalk it ; " and within an hour afterwards the two went down into the shop again, and the defendant gave McGary another glass of liquor, and nothing was said by either about paying for it. McGary testified that he intended to pay for the liquor ; and that he might have thrown down a small piece of money after the second sale, although he would not state absolutely that he did.

Upon this evidence the defendant requested the court to instruct the jury that the Commonwealth must prove that there was a contract and bargain between the defendant and McGary to sell and buy liquor. The court did not instruct them in these words ; but instructed them that the government must satisfy them that the defendant did make the sales of intoxicating liquor as alleged ; that delivery of liquor in any place other than a private dwelling-house or its dependencies, unless some part of it was a tavern, public eating-house, grocery or other place of common resort, would be *prima facie* evidence of a sale ; that if the place where the liquor was delivered to the defendant was a grocery on week days, it was none the less so because closed on the outside, accessible only through the defendant's house, and no one in it except the defendant and McGary ; but a delivery there would be *prima facie*, and, if uncontrolled, sufficient evidence to convict the defendant ; the burden of proof being on the government throughout to establish beyond a reasonable doubt the fact of the sale. The defendant was convicted and alleged exceptions.

*W. S. Gardner*, ( *T. H. Sweetser* with him,) for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J.   No valid reason exists for maintaining these exceptions.   The complaint charged solely an offence under the *St.* of 1855, *c.* 215, § 15, of illegally selling intoxicating liquors. It was no answer to this charge that the sale was made on the Lord's day.

2. It was no part of the duty of the government, on the trial of the case upon an appeal taken to a higher court, to require the personal attendance of the individual who made the original

complaint before the justice of the peace.  *Commonwealth* **v.** *Dillane, ante,* 71.

3.  The instructions given as to the proof to be made by the government to sustain the complaint were suitable and proper.

*Exceptions overruled.*